IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HUB GROUP, INC., | § | |
| | § | |
| Plaintiff Below, | § | No. 337, 2024 |
| Appellant, | § | |
| | § | Court Below—Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| CHRISTOPHER KNOLL, | § | C.A. No. 2024-0471 |
| | § | |
| Defendant, | § | |
| Appellee. | § | |

Submitted: August 28, 2024
Decided: September 30, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the notice of interlocutory appeal, the supplemental notice, and the exhibits attached thereto, it appears to the Court that:

(1) This interlocutory appeal arises from the Court of Chancery's denial of Hub Group, Inc.'s motion for a preliminary injunction.[1] Hub sought to enjoin former employee Christopher Knoll from working for his new employer in a manner that Hub alleged was a violation of non-competition provisions in Knoll's agreement with Hub. Finding the non-competition provisions overly broad and declining to blue-pencil those provisions, the Court of Chancery held that Hub had not

---

[1] *Hub Group, Inc. v. Knoll*, 2024 WL 3453863 (Del. Ch. July 18, 2024).

demonstrated a reasonable likelihood of success that it would be able to prove at trial that the non-competition provisions were enforceable.[2]

(2)    Hub filed a timely application for certification of an interlocutory appeal. Knoll opposed the application. The Court of Chancery denied Hub's application for certification.[3]

(3)    In denying certification, the court first found that its decision addressed substantial issues—namely, the enforceability of the non-competition provisions and the suitability of blue-penciling.[4] The court next considered the Rule 42(b)(iii) criteria identified by Hub as supporting certification. As to Rule 42(b)(iii)(B) (conflicting trial court decisions on the question of law), the court rejected Hub's contention that this factor weighed in favor interlocutory review because there was a "recent trend in Court of Chancery decisions striking down restrictive covenants for overbreadth while prior decisions enforced non-competes and narrowed their restrictions."[5] The court questioned whether this constituted an actual conflict in trial court decisions and concluded that any such "recent trend" could be addressed in an appeal from final judgment.[6] The court also found that Rule 42(b)(iii)(G)

---

[2] *Id.* at *13. The court did not decide the enforceability of non-solicitation and confidentiality provisions in the agreement because the parties agreed that resolution of the preliminary injunction motion hinged on the non-competition provisions. *Id.* at *6.

[3] *Hub Group, Inc. v. Knoll*, 2024 WL 3950683 (Del. Ch. Aug. 27, 2024).

[4] *Id.* at *3.

[5] *Id.*

[6] *Id.* at *3-4.

(review of the interlocutory ruling may terminate the litigation) did not weigh in favor of certification because the enforceability of non-solicitation and confidentiality provisions in the parties' agreement had not been resolved and still had to be litigated.[7]

(4)     As to Rule 42(b)(iii)(H) (review of the interlocutory order may serve considerations of justice), the court was unpersuaded by Hub's reliance on the Court of Chancery's granting of an application for certification of an  interlocutory appeal in *Sunder Energy, LLC v. Jackson*.[8]  In *Sunder Energy*, the court's "rulings on Sunder Energy's motion for preliminary injunction effectively rejected both Sunder Energy's right to enforce any of its restrictive covenants against the co-founder and its ability to sue the other defendants for tortious interference."[9]  The court therefore recommended acceptance of "the interlocutory appeal because the rulings were 'akin to a decision granting a motion to dismiss, which results in a final judgment that gives right to an immediate appeal.'"[10]  Because Hub, unlike Sunder Energy, could still pursue claims for breach of certain restrictive covenants after the denial of its motion for a preliminary injunction, the Court of Chancery found that Rule 42(b)(iii)(H) did not weigh in favor of certification.[11]  Finally, the court weighed its

---

[7] *Id.* at *3.
[8] 2023 WL 8868407 (Del. Ch. Aug. 27, 2024).  This Court accepted the interlocutory appeal. *Sunder Energy, LLC v. Jackson*, No. 455, 2023 Order (Del. Jan. 25, 2024).
[9] 2024 WL 3950683, at *4.
[10] *Id.* (quoting *Sunder Energy*, 2023 WL 8868407, at *12).
[11] *Id.*

consideration of the Rule 42(b)(iii) factors "against the inefficiencies of piecemeal litigation" and concluded that interlocutory review was unwarranted.[12]

(5) Applications for interlocutory review are addressed to the sound discretion of this Court.[13] In the exercise of its discretion and giving due weight to the Court of Chancery's analysis, the Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b). We agree with the Court of Chancery that this case is distinguishable from *Sunder Energy* and that the Rule 42(b)(iii) criteria do not weigh in favor of interlocutory review. Exceptional circumstances that would merit interlocutory review of the Court of Chancery's decision not exist in this case,[14] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[15]

NOW, THEREFORE, IT IS ORDERED that this interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[12] *Id.*
[13] Supr. Ct. R. 42(d)(v).
[14] *Id.* R. 42(b)(ii).
[15] *Id.* R. 42(b)(iiii).

4